UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK MCGILL, *et al.*,<br><br>    Defendants. | Civil Action No. 23-3625 (JXN) (LDW)<br><br>**OPINION** |

**NEALS**, District Judge

This matter comes before the Court on Defendants Patricia McGill and Deirdre Odufu (collectively, "Defendants") unopposed motion to dismiss Count I of *pro se* Plaintiff John Robinson's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3.) Additionally, the Court reviewed Count II of the Complaint pursuant to 28 U.S.C. § 1915A. The Court has considered the parties' submissions and has declined to hold oral arguments pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Plaintiff's Complaint is dismissed without prejudice.

**I. BACKGROUND**[1]

Plaintiff is incarcerated at the New Jersey Department of Corrections facility at Northern State Prison ("NSP"). (*See* Compl., ECF No. 1 at 8.) Defendant Patricia McGill ("McGill") is the Administrator of NSP, and Defendant Deirdre Odufu ("Odufu") is the Business Manager of NSP. (*Id.*)

---

[1] For the purposes of this motion to dismiss, the Court accepts as true all factual allegations in the Complaint and draws all inferences in the facts alleged in the light most favorable to the Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

On May 5, 2023, Plaintiff filed a civil rights complaint ("Complaint"), pursuant to 42 U.S.C. § 1983. (*See generally* Compl.) In the Complaint, Plaintiff alleges that Defendants unlawfully deducted money from his prison account on two dates in 2020. (*Id.* at 9.) Plaintiff submits that on April 4, 2020, Defendants fraudulently debited money from his account for legal calls, legal copies, and legal mail. Additionally, Plaintiff alleges that on July 26, 2020, Defendants charged him an additional amount for unspecified reasons. (*Id.*) In total, Plaintiff asserts that approximately $230 was unlawfully withdrawn from his inmate account. (*Id.*) Plaintiff also claims that Defendants failed to respond to his complaints in a timely fashion and, at times, ignored his complaints altogether. (*Id.* at 9-10.)

Plaintiff's Complaint was initially filed in Essex County Superior Court. Defendants removed this matter on July 6, 2023. (*See* Notice of Removal, ECF No. 1 at 1-3.) In Counts I and II of the Complaint, Plaintiff alleges that his Fourteenth Amendment rights were violated by Defendants. (Compl. at 9-10.) Plaintiff seeks monetary damages. (*Id.* at 11.)

On July 27, 2023, Defendants moved to dismiss. (ECF No. 3.) Plaintiff did not file a response.[2] The motion is now ready for disposition.

## II. LEGAL STANDARD

### A. Federal Rules of Civil Procedure 12(b)(6)

Under Rule 8 of the Federal Rules of Civil Procedure, a pleading is sufficient so long as it includes "a short and plain statement of the claim showing that the pleader is entitled to relief" and provides the defendant with "fair notice of what the ... claim is and the grounds upon which it rests[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). In considering a Rule 12(b)(6) motion to dismiss, the

---

[2] The deadline for Plaintiff to file opposition papers was August 8, 2023. To date, Plaintiff has not submitted an opposition nor requested an extension of the deadline to oppose Defendants' motion.

court accepts as true all the facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). Moreover, dismissal is inappropriate even where "it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.*

While this standard places a considerable burden on the defendant seeking dismissal, the facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Stated differently, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* Accordingly, a complaint will survive a motion to dismiss if it provides a sufficient factual basis to state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In order to determine whether a complaint is sufficient under these standards, the Third Circuit requires a three-part inquiry: (1) the court must first recite the elements that must be pled in order to state a claim; (2) the court must then determine which allegations in the complaint are merely conclusory and therefore need not be given an assumption of truth; and (3) the court must assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

### B. 28 U.S.C. § 1915A

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review the complaints in all civil actions in which a prisoner seeks damages from a state employee. *See* 28 U.S.C. § 1915A. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This action is subject to *sua sponte* screening for

dismissal, because Plaintiff is a prisoner who is seeking redress from a governmental employee. *Id.* The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008).

### III. DISCUSSION

Defendants move for dismissal of Count I of the Complaint, arguing that civil rights claims against State actors for deprivation of property are not permitted where the State provides a meaningful post-deprivation remedy. The Court also reviews Count II of the Complaint pursuant to the Court's 28 U.S.C. § 1915A screening authority.

**A. Fourteenth Amendment Due Process Deprivation of Property Claim (Count I)**

Defendants argue that Plaintiff's claims for the alleged improper deductions of money from his inmate account should be dismissed. (ECF No. 3-1 at 3-6.)

Plaintiff submits that he is raising a claim of theft by unlawful taking under N.J.S.A. 2C:20-3. (ECF No. 1 at 10.) However, N.J.S.A. 2C:20-3 is a New Jersey criminal statute and does not provide a cause of action under § 1983. The Court construes the Complaint as raising a Fourteenth Amendment due process claim for the unauthorized taking of Plaintiff's inmate funds. Due process of law is required when a state actor deprives a person of their property. *See Brown v. Muhlenberg Twp.*, 269 F.3d 205, 213 (3d Cir. 2001). But in *Hudson v. Palmer*, the U.S. Supreme Court held that intentional deprivation of an inmate's property by way of a state employee's random or unauthorized conduct does not give rise to a § 1983 procedural-due-process claim so long as the State provides an adequate post-deprivation remedy. 468 U.S. 517, 530-33 (1984); *see also Zinermon v. Burch*, 494 U.S. 113, 115, 127–30 (1990). Both internal prison grievance systems and mechanisms for bringing tort claims against state actors are treated as adequate post-deprivation

remedies. *See Palmer*, 468 U.S. at 535; *Whitehead v. Wetzel*, 720 F. App'x 657, 661–62 (3d Cir. 2017); *Ragland v. Comm'r N.J. Dep't of Corr.*, 717 F. App'x 175, 177–78 (3d Cir. 2017). Indeed, the Third Circuit and courts in this District have found that the remedies available to prisoners under the New Jersey Tort Claims Act, N.J. Stat. Ann. §§ 59:1-1 *et seq.*, and the codified New Jersey Department of Corrections grievance system, N.J. Admin. Code §§ 10A:1-4.1 *et seq.*, constitute adequate post-deprivation remedies, and thus bar due-process claims concerning the unauthorized seizure of a prisoner's property by state actors. *See Ragland*, 717 F. App'x at 177–78 (New Jersey Tort Claims Act provides adequate post-deprivation remedy for unauthorized removal of funds from an inmate account); *Small v. Warren*, 557 F. App'x 104, 105 (3d Cir. 2014).

Plaintiff does not submit that he availed himself of the post-deprivation remedies available under the New Jersey Torts Claim Act. Accordingly, as adequate post-deprivation remedies were available to Plaintiff, Defendants' motion to dismiss is granted. Plaintiff's due process claims based on the alleged taking of his property are dismissed.

**B.  Fourteenth Amendment Due Process Grievance Procedure Claim (Count II)**

The Court has screening authority under 28 U.S.C. §1915A over Plaintiff's claim that Defendants violated his Fourteenth Amendment rights to procedural due process when they failed to respond to his grievances. *See* 28 U.S.C. § 1915A (providing for screening of a § 1983 complaint in which a prisoner seeks redress from an employee of a government entity).

Plaintiff alleges that the grievance process at NSP is unconstitutional because Defendants fail to respond to grievances in a timely manner, and, in some instances, they do not respond to grievances at all. (*See* ECF No. 1 at 10.) Prisoners, however, have no right to a prison grievance system, nor do they possess a constitutional right to a response if the state creates a prison grievance system. *See, e.g., Roberts v. Aviles*, No. 10-5916, 2012 WL 603790, at *1 n. 4 (D.N.J.

Feb. 16, 2012); *Wilson v. Horn*, 971 F. Supp. 943, 947 (E.D. Pa. 1997), aff'd, 142 F.3d 430 (3d Cir. 1998); *see also Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) ("the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"). The fact that Plaintiff believes his grievances were not adequately addressed provides no basis for a claim for relief. Accordingly, the Court will dismiss without prejudice Count II of the Complaint for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Count I of Plaintiff's Complaint (ECF No. 3) is **GRANTED.** The Court will also dismiss Count II of Plaintiff's Complaint pursuant to its screening authority under §1915A. Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice**. An appropriate Order accompanies this Opinion.

**Dated**: February 1, 2024

_____
**JULIEN XAVIER NEALS**
**United States District Judge**